Caleb L. Green, Esq.
Nevada Bar No. 15234
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 667-4832
Facsimile: (702) 567-1568
Email: clg@h2law.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| V&H PIZZA, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VKV (d/b/a NAPOLI'S PIZZERIA), A Nevada limited liability company; ALISA ALAVERDYAN, and individual; HENYS PENA, an individual; VICTORIA ALAVERDYAN, an individual; HAKOB ALAVERDYAN, and individual; and DOES 1-10.<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff V & H Pizza Inc. ("Plaintiff"), by and through its undersigned counsel, alleges follows:

**NATURE OF THE ACTION**

1.      This is an action for trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and Nevada law.

2.      Plaintiff owns and operates the well-known NAPOLI PIZZA & RESTAURANT brand, which has been continuously used in connection with restaurant and pizza services in Southern Nevada since at least 2006.

3.      Over nearly two decades of use, the NAPOLI PIZZA Marks have developed substantial goodwill, consumer recognition, and distinctiveness in the marketplace.

4.      Defendants operate directly competing restaurant services under the name NAPOLI'S PIZZERIA and have adopted branding—including a chef-and-pizza design logo—that is identical or substantially indistinguishable from Plaintiff's distinctive marks.

4911-1628-9208, v. 1

HOWARD & HOWARD ATTORNEYS PLLC

5. Defendants' conduct is intentional, willful, and designed to trade upon Plaintiff's goodwill and mislead consumers into believing that Defendants' business is affiliated with, sponsored by, or otherwise connected to Plaintiff.

6. Despite receiving formal written notice of their infringement and an opportunity to cure, Defendants have refused to cease their unlawful conduct and continue to infringe Plaintiff's intellectual property rights.

7. Plaintiff brings this action to enjoin Defendants' ongoing misconduct and to recover damages and other relief authorized by law.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because they are residents of Nevada and conduct business within this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

12. Plaintiff V & H Pizza Inc. is a Nevada corporation with its principal place of business in Southern Nevada. Plaintiff owns and operates multiple restaurant locations under the NAPOLI PIZZA & RESTAURANT brand.

13. Upon information and belief, Defendant VKV, LLC is a Nevada limited liability company that operates a restaurant under the name Napoli's Pizzeria in Las Vegas and North Las Vegas, Nevada.

14. Upon information and belief, Defendant Alisa Alaverdyan is an individual residing in Nevada and is a principal, officer, and/or registered agent of VKV, LLC.

15. Upon information and belief, Defendant Henys Pena is an individual residing in Nevada and is a principal, officer, and/or manager of VKV, LLC.

16. Upon information and belief, Defendant Victoria Alaverdyan is an individual residing in Nevada and is a principal, officer, and/or manager of VKV, LLC.

17. Upon information and belief, Defendant Hakob Alaverdyan is an individual residing in Nevada and is a principal, officer, and/or manager of VKV, LLC.

18.　Upon information and belief, Defendants DOES 1–10 are individuals or entities whose identities are presently unknown but who have participated in the unlawful conduct alleged herein.

**GENERAL ALLEGATIONS**

**A. Plaintiff's Business and Intellectual Property**

19.　Plaintiff is a well-established Italian restaurant chain and pizzeria with multiple locations throughout Southern Nevada. For over twenty years, Plaintiff has continuously provided restaurant services in the region under its NAPOLI PIZZA & RESTAURANT brand, earning substantial recognition for its use of fresh ingredients, quality recipes, and consistent customer service. Over that time, Plaintiff has built a strong reputation and loyal customer base, becoming a recognized fixture in the Southern Nevada dining community. Through its long-term use, marketing, and consumer exposure, Plaintiff's marks have acquired distinctiveness and are widely associated by consumers with Plaintiff as the source of its restaurant services. Plaintiff has also developed brand recognition through signature offerings and highly visible marketing, reinforcing its identity and goodwill in the marketplace.

20.　Since 2006, Plaintiff has continuously operated pizza and restaurant services under the NAPOLI PIZZA & RESTAURANT name and associated branding.

21.　Plaintiff owns two Nevada state trademark registrations for the NAPOLI PIZZA & RESTAURANT word mark and corresponding design mark for restaurant services, including the following:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| NAPOLI PIZZA & RESTAURANT | 202200037129-29 | October 6, 2022 | Restaurant Services |
| (NAPOLI PIZZA & RESTAURANT and design) | 202200037127-35 | October 6, 2022 | Restaurant Services |

(collectively, the "Napoli State Marks").

22.　On April 10, 2026, Plaintiff has also filed applications with the United States Patent and Trademark Office covering its Napoli Marks for use in connection with pizza parlors, restaurant services, and related offerings, including the following:

/ / /

HOWARD & HOWARD ATTORNEYS PLLC

| Mark | Ser. No. | Filing Date | Goods/Services |
|---|---|---|---|
| NAPOLI PIZZA & RESTAURANT (NAPOLI PIZZA & RESTAURANT) | 99756251 | April 10, 2026 | Class 43: Pizza parlours; Restaurant services; Catering services. DOFU: June 5, 2006 |

(the "USPTO Napoli Mark")

23.    Since 2006, Plaintiff has also used a logo incorporating a distinctive chef character holding a pizza, arranged in a stylized composition that serves as a central source indicator of Plaintiff's services, namely:

**Plaintiff's Chef Logo**

(the "Chef Logo").

24.    Plaintiff's Napoli State Marks and USPTO Napoli Mark (the "Napoli Word Marks"), prominently features the word "NAPOLI" as the dominant source-identifying term.

25.    Since 2006, Plaintiff has continuously used its Napoli State Marks, USPTO Napoli Mark, and Chef Logo (collectively, the "Napoli Marks") and in commerce in connection with restaurant services, including storefront signage, menus, advertising, websites, and promotional materials.

26.    Through long-term and continuous use, extensive marketing, and strong consumer recognition, Plaintiff's Napoli Marks have acquired distinctiveness and are widely associated by consumers in Southern Nevada with Plaintiff as the source of those services.

B. Defendants' Infringing Conduct

27.    Defendants operate a restaurant business under the designation "NAPOLI'S PIZZERIA," (the "Infringing Mark") offering pizza and restaurant services that are identical to those offered by Plaintiff.

4

28.   Defendants use the word "NAPOLI" as the dominant portion of their business name, thereby appropriating the core source-identifying element of Plaintiff's Napoli Word Marks.

29.   Defendants promote and advertise their services through substantially overlapping marketing channels, including physical storefronts, websites, online ordering platforms, delivery applications, and digital advertising.

30.   Defendants' branding further includes the use of a logo that is identical or substantially indistinguishable from Plaintiff's Chef Logo, namely:

| Infringing Logo |
| --- |
|    |

(the "Infringing Logo").

31.   The similarities between the marks and logos are so substantial that they create an overlapping commercial impression that is likely to cause confusion among consumers. A side-by-side comparison of Plaintiff's Chef Logo and the Infringing Logo is below:

/ / /

/ / /

/ / /

HOWARD & HOWARD ATTORNEYS PLLC

| Chef's Logo | Infringing Logo |
| --- | --- |
| | |

32.    Defendants' adoption of Plaintiff's Napoli Marks was not accidental or coincidental but reflects deliberate copying.

### C. Notice and Willful Infringement

33.    On May 13, 2026, Plaintiff, through counsel, certified mail and e-mail, sent Defendants a written demand letter identifying the infringing conduct and asserting Plaintiff's trademark rights in its Napoli Marks.

34.    On June 1, 2026, Plaintiff through counsel, certified mail and e-mail, sent a follow-up final notice reiterating its demands and providing Defendants with an opportunity to cure their infringement.

35.    Defendants failed to respond whatsoever and did not cease their infringing conduct.

36.    Defendants have continued to use the Infringing Marks and Infringing Logos in connection with their business after receiving notice of Plaintiff's rights in the Napoli Marks.

37.    Defendants' continued conduct constitutes willful infringement within the meaning of the Lanham Act.

### D. Irreparable Harm to Plaintiff

38.    Defendants' conduct has caused and continues to cause irreparable harm to Plaintiff's business, reputation, and goodwill.

39.    Consumers are likely to be confused as to the source, affiliation, sponsorship, or endorsement of Defendants' services.

40.    Plaintiff has no adequate remedy at law because the harm includes loss of goodwill and damage to brand identity that cannot be fully quantified.

/ / /

/ / /

/ / /

6

**<u>CLAIMS FOR RELIEF</u>**

**FIRST CAUSE OF ACTION**

*(Trademark Infringement - 15 U.S.C. § 1114)*

41.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42.     Plaintiff is the owner of valid and protectable trademark rights in the Napoli Marks, including registered Nevada marks and longstanding common law rights arising from continuous use in commerce since at least 2006.

43.     Plaintiff's Napoli Marks are distinctive and serve to identify and distinguish Plaintiff's restaurant services from those of others.

44.     Defendants, without authorization, have used in commerce the Infringing Mark "NAPOLI'S PIZZERIA" in connection with restaurant and pizza services that are identical to those offered by Plaintiff.

45.     Defendants' Infringing Mark incorporates the identical dominant term "NAPOLI," which functions as the principal source-identifying element of Plaintiff's NAPOLI Marks.

46.     Defendants' use occurs in the same geographic market—Southern Nevada—and targets the same class of consumers seeking pizza and restaurant services.

47.     Defendants have used the Infringing Mark across multiple commercial channels, including:

    a.   Physical storefront signage;

    b.   Websites and online ordering platforms;

    c.   Third-party delivery applications;

    d.   Digital advertising and promotional materials

48.     In addition to the Napoli Word Marks, Defendants uses the Infringing Logo featuring a chef holding a pizza in a stylized presentation that replicates the core compositional elements of Plaintiff's Chef Logo.

49.     The similarities between Plaintiff's Napoli Marks and Defendants' Infringing Marks and Infringing Logo are substantial in appearance, sound, meaning, and commercial impression.

50.     Consumers encountering Defendants' mark are likely to mistakenly believe that Defendants' restaurant is affiliated with, sponsored by, or otherwise connected with Plaintiff.

HOWARD **&** HOWARD ATTORNEYS PLLC

51. Defendants' use of the Infringing Marks and Infringing Logo is likely to cause confusion, mistake, or deception as to the source, sponsorship, or affiliation of Defendants' services.

52. Defendants continued their infringing use after receiving written notice of Plaintiff's trademark rights and a demand to cease such use.

53. On information and belief, Defendants selected and adopted the Infringing Marks with knowledge of Plaintiff's prior rights or with reckless disregard for those rights.

54. Defendants' infringement has been and continues to be willful.

55. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage to its goodwill, reputation, and brand identity, as well as lost sales and business opportunities.

56. Plaintiff has no adequate remedy at law and is entitled to injunctive relief.

## SECOND CAUSE OF ACTION

### *(False Designation of Origin - 15 U.S.C. § 1125(a))*

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. Defendants have used words, symbols, and devices in commerce, including the Infringing Mark and Infringing Logo, in a manner that falsely designates the origin of their goods and services.

59. Defendants' use falsely represents that their services are affiliated with, sponsored by, or otherwise connected to Plaintiff and its services.

60. Defendants have used Plaintiff's core source-identifying term "NAPOLI" in conjunction with highly similar restaurant branding and identical services, creating an express and implied association with Plaintiff.

61. Defendants' conduct is likely to deceive consumers into believing that Defendants' business is part of, affiliated with, or approved by Plaintiff.

62. Defendants' conduct constitutes false designation of origin and false association under the Lanham Act.

63. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage and will continue to suffer such damage.

/ / /

/ / /

/ / /

8

**THIRD CAUSE OF ACTION**

(*Deceptive Trade Practice – N.R.S. §§ 598.0915, et. seq.* )

64.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65.    Defendants are "persons" engaged in business within the meaning of Nevada's Deceptive Trade Practices Act, NRS Chapter 598.

66.    Plaintiff is a business entity that has been directly and foreseeably harmed by Defendants' deceptive trade practices.

67.    Defendants have engaged in deceptive trade practices by, among other things:

e.    Operating a restaurant business under the designation "NAPOLI'S PIZZERIA," which incorporates the dominant source-identifying term of Plaintiff's Napoli Word Marks;

f.    Using the Infringing Logo that replicates Plaintiff's Chef Logo, including similar pose, composition, and presentation;

g.    Offering identical restaurant and pizza services in the same geographic market to the same class of consumers;

h.    Marketing and advertising their services through overlapping channels in a manner likely to cause confusion among consumers.

68.    Defendants' conduct has created, and is likely to continue to create, confusion and misunderstanding among consumers as to:

i.    Whether Defendants' restaurant is affiliated with or part of Plaintiff's business;

j.    Whether Defendants' services originate from or are sponsored by Plaintiff;

k.    Whether there is a common source, endorsement, or approval between the parties.

69.    Defendants' conduct constitutes "passing off" within the meaning of Nevada law and represents a misappropriation of Plaintiff's goodwill.

70.    Defendants' conduct is knowing and willful. Defendants continued their deceptive practices after receiving written notice of Plaintiff's rights and a demand to cease such conduct.

71.    As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff has suffered and continues to suffer damages, including loss of goodwill, reputational harm, and diversion of customers.

72.    Plaintiff is entitled to injunctive relief prohibiting Defendants from continuing their deceptive trade practices.

9

73. Plaintiff is further entitled to recover damages, costs, and any other relief available under NRS Chapter 598.

## FOURTH CAUSE OF ACTION

### *(Unfair Competition – Nevada Common Law)*

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. Defendants have engaged in unfair competition by using marks, logos, and names confusingly similar to Plaintiff's.

76. Defendants' conduct constitutes passing off, misappropriation of goodwill, and deceptive business practices.

77. Defendants have intentionally traded upon Plaintiff's reputation and goodwill developed over nearly two decades.

78. Defendants' conduct has caused confusion among consumers and diverted business from Plaintiff.

79. As a direct result, Plaintiff has suffered damages and irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff V & H Pizza Inc. respectfully requests that the Court enter judgment in its favor and against Defendants, and grant the following relief:

1. For a temporary restraining order, preliminary injunction, and permanent injunction pursuant to 15 U.S.C. § 1116 and applicable Nevada law, enjoining Defendants, and all persons acting in concert with them, from using the marks "NAPOLI," "NAPOLI'S PIZZERIA," or any other mark confusingly similar to Plaintiff's Napoli Marks; using any logo, or design that is identical or confusingly similar to Plaintiff's Chef Logo; engaging in any acts of trademark infringement, false designation of origin, or deceptive trade practices; and representing, directly or indirectly, that Defendants or their services are affiliated with, sponsored by, or connected to Plaintiff;

2. For an order requiring Defendants to immediately cease all use of the Infringing Marks and Infringing Logo; remove the term "NAPOLI" and the Infringing Logo from all business names, signage, menus, websites, social media accounts, digital platforms, and advertising materials; permanently delete and destroy all physical and digital materials bearing the Infringing Marks and Infringing Logo; and file with the Court, within thirty (30) days of any injunction, a sworn written report setting forth the manner and form of compliance pursuant to 15 U.S.C. § 1116(a);

HOWARD & HOWARD ATTORNEYS PLLC

3.    For damages pursuant to 15 U.S.C. § 1117(a), including Defendants' profits, Plaintiff's actual damages, treble damages where appropriate, and costs of suit;

4.    For all relief available under Nevada law for deceptive trade practices, including injunctive relief, damages caused by Defendants' conduct, and such further relief as the Court deems necessary to prevent ongoing consumer deception;

5.    For an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and applicable Nevada law on the grounds that this is an exceptional case involving willful infringement;

6.    For pre-judgment and post-judgment interest at the maximum rate permitted by law;

7.    For such other equitable relief as the Court deems necessary to prevent further infringement and unfair competition; and

8.    For such other and further relief as the Court deems just and proper.

DATED: July 2, 2026

**HOWARD & HOWARD ATTORNEYS PLLC**

By: _____ /s/ *Caleb L. Green* _____
Caleb L. Green, Esq. (Nevada Bar No. 15234)
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV  89169
*Attorneys for Plaintiff*

4911-1628-9208,

11