UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| V&H Pizza, Inc.,<br>Plaintiff<br>v.<br>VKV (d/b/a/ Napoli Pizzeria), et al.,<br>Defendants | Case No. 2:26-cv-02019-CDS-MDC<br>**Order Granting Plaintiff's Motion for Preliminary Injunction**<br>[ECF No. 8] |

This case presents a textbook example of trademark infringement. The plaintiff owns a chain of Italian restaurants named NAPOLI PIZZA & RESTAURANT; the defendants own a chain of Italian restaurants named NAPOLI PIZZERIA. Both parties operate their restaurants in Las Vegas, Nevada. Both parties center their restaurants' branding around the term "NAPOLI." And, most notably, both parties use nearly identical logos.

| Plaintiff's Logo | Defendants' Logo |
|---|---|
|  |  |

The plaintiff asks this court to enjoin the defendants from using their logo and word mark because such use is causing—and is likely to continue causing—consumer confusion. Due to the quintessential trademark infringement at play, I grant that request.

## I. Background

V&H Pizza Inc. is a Nevada corporation that has owned and operated multiple restaurants in southern Nevada under the NAPOLI PIZZA & RESTAURANT brand for over twenty years. Am. compl., ECF No. 7 at 2–5. In 2022, the plaintiff registered two trademarks

with the State of Nevada for restaurant services: (1) a word mark for NAPOLI PIZZA & RESTAURANT, and (2) a corresponding design mark.[1] In April 2026, the plaintiff filed applications to register its NAPOLI marks with the U.S. Patent and Trademark office. *Id.* at 4.[2]

Defendant VKV, LLC, is a Nevada limited liability company that has operated restaurants in southern Nevada under the NAPOLI PIZZERIA brand. *Id.* at 2. The individual defendants[3] reside in Nevada and are principals, officers, or managers of VKV, LLC. *Id.*

On May 13, 2026, plaintiff's counsel sent the defendants a written demand letter identifying the infringing conduct and asserting the plaintiff's trademark rights. *Id.* at 6. A few weeks later, plaintiff's counsel sent another written notice repeating its demands and providing the defendants with an opportunity to cure their infringement. *Id.* But the defendants neither responded to the notices nor ceased their infringement. *Id.* In fact, the defendants allegedly created and launched an additional website, www.napolipizzerialv.com, after receiving notice of the plaintiff's trademark rights. *Id.* at 7.

In turn, the plaintiff filed suit, asserting four causes of action: (1) false designation of origin under 15 U.S.C. § 1125(a); (2) deceptive trade practice under NRS 598.0915; (3) unfair competition under Nevada common law; and (4) trademark infringement under Nevada common law. *See generally* ECF No. 7. It also filed a motion for preliminary injunction, which the defendants never filed an opposition to. *See generally* ECF No. 8. Thus, the motion for preliminary injunction is unopposed.

## II. Legal standard

When faced with a motion for preliminary injunction or temporary restraining order, courts weigh the four *Winter* factors: (1) the likelihood of success on the merits; (2) the risk of irreparable harm; (3) the balance of equities; and (4) the interest of the public. *Winter v. Nat. Res.*

---

[1] The word mark's registration number is 202200037129-29; the design mark's registration number is 202200037127-35. These trademarks are collectively referred to as the "NAPOLI marks."

[2] The U.S. Patent and Trademark Office application number is 99756251.

[3] The individual defendants include Alisa Alaverdyan, Henys Pena, Victoria Alaverdyan, and Hakob Alaverdyan. ECF No. 7 at 2.

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). The first factor—likelihood of success on the merits—is the most important. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). "Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." *Id.* (citation modified).

## III. Discussion

The court could grant the motion for preliminary injunction on procedural grounds alone. This is because, despite being properly served with the amended complaint and motion for preliminary injunction,[4] the defendants effectively consented to the granting of the motion by never filing an opposition to it. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). I nonetheless address the merits and find that all four *Winter* factors weigh in favor of granting the injunctive relief sought.

*First*, the plaintiff has shown a likelihood of success on the merits of its claims. The plaintiff's claims center on the same issue: whether the defendants' marks are likely to cause consumer confusion about the origin of the goods or services. *See* 15 U.S.C. § 1125(a); *A.L.M.N., Inc. v. Rosoff*, 757 P.2d 1319, 1323 (Nev. 1988) (explaining that a Nevada common law trademark infringement claim requires the plaintiff to show that it has a protected mark and that an appreciable number of reasonable customers are likely to confuse the infringing mark with the protected mark). In evaluating the likelihood of confusion, courts apply seven factors. *A.L.M.N.*, 757 P.2d at 1324. These factors include the degree of similarity between the marks, services offered, and marketing channels used. *Id.* Here, both word marks center on the term "NAPOLI," and both logos use a nearly identical graphic of a chef holding a small and a large pepperoni

[4] *See* Affidavit of service, ECF No. 11.

pizza. Further, the marks are connected to the same services—that is, Italian restaurants located in Las Vegas, Nevada. Without further examination, these overlaps are substantial enough to conclude that the plaintiff is likely to succeed on the merits of its trademark infringement and deceptive trade practices claims.

*Second*, the risk of irreparable harm weighs in favor of enjoining the defendants from using the NAPOLI marks. For over twenty years, the plaintiff has operated Italian restaurants in Las Vegas and branded them with the NAPOLI marks. The defendants' use of substantially similar marks risks harming the plaintiff by siphoning its business and causing irreparable harm to its reputation. Because reputational harm is difficult to quantify, an injunction serves as a more effective remedy than damages.

*Third*, the balance of equities weighs in favor of granting the injunction. The plaintiff has been using the NAPOLI marks and chef logo since 2006. During this time, the marks have built rapport with the community. Indeed, the plaintiff has opened several NAPOLI PIZZA & RESTAURANT locations throughout Las Vegas. By continuing to use marks that substantially overlap with the plaintiff's marks, the defendants unfairly capitalize off the good will and reputation that the plaintiff has built in the community.

*Fourth*, the public's interest favors granting the injunction because doing so will prevent further confusion amongst the public. The Supreme Court has recognized that "trademarks benefit consumers and producers alike." *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140, 146 (2023). "A source-identifying mark enables customers to select 'the goods and services that they wish to purchase, as well as those they want to avoid.'" *Id.* (quoting *Matal v. Tam*, 582 U.S. 218, 224 (2017)). "The mark 'quickly and easily assures a potential customer that *this* item—the item with this mark—is made by the same producer as other similarly marked items that he or she liked (or disliked) in the past.'" *Id.* (quoting *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 164 (1995)). Allowing the defendants to use marks substantially similar to the plaintiff's defeats this basic aim of trademark law.

In sum, the plaintiff has shown a likelihood of success on the merits of its claims. The plaintiff has also shown that an injunction is warranted considering the risk of irreparable harm, the balance of equities, and the public's interest. Thus, the *Winter* factors weigh in favor of granting the motion for preliminary injunction.

**IV. Conclusion**

IT IS THERFORE ORDERED that the plaintiff's motion for preliminary injunction **[ECF No. 8] is GRANTED.**

IT IS FURTHER ORDERED that defendants VKV d/b/a Napoli's Pizzeria, Alisa Alaverdyan, Henys Pena, Victoria Alaverdyan, Hakob Alaverdyan, and all persons acting in concert or participation with them, those in privity with defendants, and those with actual notice of this order are enjoined and restrained from:

(1) using the marks NAPOLI, NAPOLI'S PIZZERIA, NAPOLI PIZZERIA, or any other mark, name, designation, trade name, or designation of origin that is identical, confusingly similar to, or likely to be confused with the plaintiff's NAPOLI PIZZA & RESTAURANT marks;

(2) using any logo, design, graphic, artwork, or other visual designation that is identical or confusingly similar to the plaintiff's chef logo or design mark;

(3) representing, directly or indirectly, that the defendants, their businesses, products, or services are affiliated with, sponsored by, endorsed by, approved by, authorized by, or otherwise connected with the plaintiff; and

(4) engaging in any acts constituting false designation of origin, unfair competition, passing off, deceptive trade practices, or any other conduct likely to cause confusion concerning the source, affiliation, sponsorship, or approval of the defendants' services.

IT IS FURTHER ORDERED that the defendants, and all persons acting in concert or participation with them, those in privity with defendants, and those with actual notice of this order, must immediately cease using and displaying the infringing mark and infringing logo on any website, domain name, webpage, online ordering platform, mobile application, social media account, advertising platform, or other digital property under their ownership or control, including but not limited to:

(1) www.napolipizzeria.net;

(2) www.napolipizzerialv.com;

(3) www.ordernapolispizzeria.com; and

(4) any other domain name, website, or online property using the plaintiff's NAPOLI marks or any mark, designation, or domain name confusingly similar thereto.

Additionally, the defendants, and all persons acting in concert or participation with them, those acting in concert or participation with them, those in privity with defendants, and those with actual notice of this order, must not register, acquire, create, launch, operate, or maintain any additional domain names, websites, social media accounts, online business profiles, or digital properties utilizing the plaintiff's NAPOLI marks or any confusingly similar variation thereof during the pendency of this action.

IT IS FURTHER ORDERED that the defendants, and all persons acting in concert or participation with them, those acting in concert or participation with them, those in privity with defendants, and those with actual notice of this order, must immediately cease all use of the infringing mark and infringing logo and remove the infringing mark and infringing logo from: (1) storefront signage; (2) menus; (3) advertising materials; (4) promotional materials; (5) websites; (6) online ordering platforms; (7) delivery applications; (8) social media accounts; (9) business directories; (10) digital advertisements; (11) search-engine listings; and (12) any other commercial materials or media under the defendants' ownership or control.

IT IS FURTHER ORDERED that the defendants must file and serve a sworn written report under oath describing in detail the manner and form in which they have complied with this injunction, including identification of all websites, domain names, social media accounts, advertisements, signage, and promotional materials from which the infringing mark and infringing logo have been removed by September 4, 2026.

Dated: August 21, 2026

________________________________
Cristina D. Silva
United States District Judge