UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| V & H PIZZA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VKV, LLC d/b/a NAPOLI PIZZERIA, et al.,<br><br>Defendants. | Case No. 2:26-cv-02019<br><br>DECLARATION OF HAKOB ALAVERDYAN IN SUPPORT OF DEFENDANTS' MOTION REGARDING PRELIMINARY INJUNCTION<br><br>ORAL ARGUMENT REQUESTED<br><br>Or Motion to Dissolve Preliminary Injunction |

## DECLARATION OF HAKOB ALAVERDYAN

I, Hakob Alaverdyan, declare as follows. I make this declaration from my personal knowledge, except where I identify a fact as based on a business or public record. If called as a witness, I could and would testify competently to the matters stated below.

**1.** I am Hakob Alaverdyan. I submit this declaration in support of the Defendants' request that the Court reconsider, modify, dissolve, or otherwise grant appropriate relief concerning the preliminary injunction. I understand that the precise relief requested will be stated in the accompanying motion.

**2.** My history with the restaurant business operating under the name "Napoli" / "Napoli Pizzeria" began in 2005. The documents assembled in my records reflect the acquisition and operation of the original Napoli business in Henderson, Nevada in 2005. My Nevada state trademark records for NAPOLI PIZZERIA state a date of first use in Nevada and anywhere of April 15, 2005.

**3.** I regard myself as the original owner/operator in my family's Napoli business history beginning in 2005. I did not first learn of or begin using the Napoli name through Vahan Balian.

**4.** Vahan Balian is my brother-in-law. My wife is Alisa Alaverdyan. The family relationship between Vahan and me existed before and during our later business relationship.

**5.** After my Napoli business activity had begun, Vahan and I became involved together in restaurant businesses. Nevada corporate records identified in my documentary timeline show that, in V & H Pizza, Inc., I appeared as President, Director, and Registered Agent, while Vahan appeared as Secretary and Treasurer.

**6.** The records further show that in V & H Pizza, LLC, Vahan and I were members and managers. The use of the Napoli name during this period occurred in the context of our existing family and business relationship, not as a situation in which I was a stranger entering Vahan's business and copying a name unknown to me.

**7.** My records also include an IRS EIN notice for V & H Pizza, LLC referring to the DBA "Napoli Pizzeria," as well as Clark County and occupancy records associated with Napoli operations. These records are among the documents I rely upon to show the history of the Napoli name within the businesses in which I participated.

**8.** Separately, I operated K & H Pizza, Inc. in connection with a Napoli Pizzeria restaurant in Henderson. The records in my possession include leases, amendments, and annual state filings

showing my continuing corporate role and the operation of the restaurant under the Napoli Pizzeria name.

**9.** My records show that the Henderson operation expanded during this period, including a lease amendment expanding the premises. I include these records because they document actual restaurant operations and not merely the existence of a corporate name.

**10.** Over time, the business relationship between Vahan and me changed and we no longer continued in the same manner as partners. My records show that each side continued restaurant operations using Napoli-related names after the separation.

**11.** My wife, Alisa, also became formally involved in the business operations. Corporate records identified in my timeline show her as a manager/managing member alongside me in V & H Pizza , LLC during a later period.

**12.** In a later transaction, I sold a Henderson Napoli's Pizzeria business to TBD Restaurant, LLC, associated with Jacob Tchamanian. The sale documents in my possession identify the restaurant and the assets/business being transferred.

**13.** I maintained corporate and business connections after that transaction, as reflected in the state records summarized in my documentary timeline.

**14.** In 2025, my family returned to the restaurant operation through VKV. The records assembled for this case include corporate filings, banking records, an Asset Purchase Agreement, and an assignment of lease documenting the transaction and the funding of the business. We pay by bank transfer, $ 140,000.00 to Jacob Tchamanian (full amount, after we sold our home). We have a bank transfer statement.

**15.** The documents reflect that Jacob Tchamanian assigned the relevant restaurant lease in connection with the 2025 transaction. My understanding, based on the transaction documents I signed and received, is that this transaction returned to my family a restaurant business connected to the business I had previously sold.

**16.** After the 2025 transaction, the operation was formalized through VKV. The records include utility, insurance, Clark County fictitious-name, and Nevada trademark documents relating to NAPOLI PIZZERIA.

**17.** On or about May 6, 2026, the Nevada Secretary of State issued a state trademark certificate for "Napoli Pizzeria" in the name of VKV LLC. That certificate states first use in Nevada and first use anywhere as April 15, 2005, and an expiration date of May 6, 2031.

**18.** VKV's corporate records reflect that Alisa Alaverdyan serves as President and Registered Agent, that I serve as Treasurer, and that other family members and associates participate in the company. This structure reflects the family's continuing involvement in the restaurant operation.

**19.** The documentary timeline also reflects that V & H Pizza, Inc. later filed a federal trademark application for "NAPOLI PIZZA & RESTAURANT," followed by cease-and-desist communications and this federal litigation.

**20.** I respectfully want the Court to understand that my use of Napoli Pizzeria did not begin in 2026 and, from my perspective and based on the records described above, did not arise from an attempt to appropriate a restaurant identity newly created by Vahan. My connection to the Napoli restaurant business predates our later business relationship.

**21.** I have preserved or am attempting to preserve the original agreements, corporate filings, leases, licenses, registrations, banking records, insurance records, utility records, and other documents supporting the chronology described in this declaration.

**22.** I understand that each exhibit should be checked against the original before filing and that no exhibit should be represented as authentic unless I can truthfully identify or authenticate it.

**23.** I ask the Court to consider this history and the supporting documentary evidence when evaluating the preliminary injunction and the parties' competing claims concerning the Napoli / Napoli Pizzeria name.

**24.** We have been seeking legal advice from several attorneys, but all of them are asking for retainers of more than $10,000. They say that, to get started, the case could cost around $75,000, and that we may also have to match the opposing party's legal expenses. In any case, I do not fully understand how all of this works, and I currently do not have that kind of money.

We have also looked for pro-bono attorneys, but we have not been able to find any, at least not for civil cases of this nature. We also do not know how to obtain a court-appointed attorney.

**25-** Vahan has made three different statements in each case, and he fails to mention that I gave him an ownership interest in my business because my father asked me to help the family. There are videos about this on Channel 8: https://youtu.be/DPZDCEyChf0.

**26-** I allowed them to continue using the brand, even after we separated and I had to return to my home country for some time due to health reasons. I never imagined that when I came back and wanted to continue working, this would happen.

I purchased the business from Mr. Jacob T. and paid for it in full, at twice the agreed price. I never prevented them from continuing to use the brand. In addition, they own Brothers Pizza, Greek Gyro, and several other pizzerias and businesses.

I was the one who initially gave them the opportunity, but now they do not share the same understanding. I do not understand why or how a trademark application that has not yet been approved, along with all the money they are spending to force me out of the business, can cause me these problems right now.

That is why I am asking for the opportunity to provide all of this information and see whether I can continue working and earning a living to support my family.

## PROPOSED EXHIBIT IDENTIFICATION

Exhibit A – 2005 purchase/acquisition documents for the original Napoli business.

Exhibit B – Early business licenses, leases, receipts, or other records showing Napoli operations in 2005–2006.

Exhibit C – IRS EIN / DBA and Clark County / occupancy records referencing Napoli or Napoli Pizzeria.

Exhibit D – Sale Agreement concerning the Henderson Napoli's Pizzeria and TBD Restaurant, LLC.

Exhibit E– 2025 Asset Purchase Agreement and Assignment of Lease / repurchase transaction documents.

Exhibit F – VKV corporate records and records of capitalization/funding, if relevant and appropriate for filing.

Exhibit G – Clark County fictitious-name registration for NAPOLI PIZZERIA.

Exhibit H– VKV - Nevada Secretary of State Trademark certificate for NAPOLI PIZZERIA.

Exhibit I– 2026 Utility, insurance, lease, and operational records.

Exhibit J – V & H Pizza, Inc. federal trademark application and relevant cease-and-desist communications.

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that the foregoing is true and correct. Executed on August, 2026, in 6:00 pm Las Vegas NV.

HAKOB ALAVERDYAN
Declarant